IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2008

## THOMAS MICHAEL KESTERSON v. TOMMY MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 08-CR-9101     Russell Lee Moore, Jr., Judge**

---

**No. W2008-00745-CCA-R3-HC  - Filed February 23, 2009**

---

The petitioner, Thomas Michael Kesterson, filed a petition for habeas corpus relief in the Lake County Circuit Court alleging that his conviction for incest is void because it includes an illegal sentence.   The habeas court denied the petition finding that the petitioner was properly sentenced. Upon review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Thomas Michael Kesterson, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The record reflects that the petitioner was initially charged with four counts of rape of a child and that he ultimately pled guilty in the Henry County Circuit Court to a single count of incest. Pursuant to a plea agreement, the convicting court imposed a sentence of ten years in the Tennessee Department of Corrections and ordered  the petitioner to register as a sex offender in compliance with Tennessee Code Annotated section 40-39-103.  Based on the trial court's statements at the guilty plea hearing, the petitioner contends that the convicting court also sentenced him to lifetime community supervision pursuant to Tennessee Code Annotated section 39-13-524.  He argues that he received an illegal sentence because the statute neither authorizes nor requires lifetime community supervision as part of a sentence for incest.

The transcript of the petitioner's guilty plea hearing reflects that the parties agreed that the petitioner's guilty plea required "lifetime supervision." The following comments with respect to lifetime supervision were made at the guilty plea hearing:

> The Court: Does this require lifetime supervision?
> [State]: Yes, Sir.
> [Defense Counsel]: Your Honor, we agree that it does. And I believe that we agreed that it only requires thirty-five percent release eligibility verses eighty-five.
> . . . .
> The Court: Upon your plea of guilty you're hereby found guilty and sentenced to a term of ten years and designated a range two offender. As a part of this sentence you will have to give up blood for a DNA sample. You will be designated as a sex offender and subject to lifetime supervision. And you will have to undergo standardized treatment for sex offenders.

The judgment of conviction entered after the guilty plea hearing does not include a lifetime community supervision requirement. To the contrary, the box on the judgment form next to the statement requiring community supervision for life pursuant to Tennessee Code Annotated section 39-13-524 is unchecked. Moreover, the only special conditions listed on the judgment form are the requirements that the petitioner undergo standardized treatment for sex offenders and that he comply with the registration requirements of Tennessee Code Annotated section 40-39-103.

The petitioner initially filed a post-conviction petition challenging the legality of the sentence he received. After a hearing, the post-conviction court denied the petition because it concluded that the judgment accurately reflects that the petitioner was not sentenced to lifetime community supervision and because it concluded that the parties and the judge at the guilty plea hearing "most probably meant that Mr. Kesterson would be required to register as a sex offender for life rather than being subjected to lifetime supervision." In its written order denying relief, the habeas corpus court relied on the post-conviction court's findings.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or record of the proceedings that a

trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The judgment in the present case is facially valid, and the sentence reflected thereon is legal. Nevertheless, the petitioner interprets the trial court's comments at the guilty plea hearing as requiring lifetime community supervision pursuant to Tennessee Code Annotated section 39-13-524. He argues that the sentencing hearing transcript controls when there is a conflict between it and the judgment entered by the trial court, see e.g., State v. Moore, 814 S.W.2d 381 (Tenn. Crim. App. 1991), and that he therefore received an illegal sentence that voids his conviction. In essence, the petitioner contends that his judgment of conviction must be modified to reflect that he was sentenced to lifetime community supervision and that he is entitled to habeas corpus relief on the basis of the illegal sentence. We disagree.

The petitioner's judgment of conviction became final thirty days after its entry. State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). After a judgment reflecting a legal sentence becomes final, "the only jurisdiction to amend a sentence in a manner more onerous than that initially imposed stems from probation violations, violations of jail or workhouse rules, or community corrections program modifications or violations" or to correct a clerical error in the judgment that resulted from the trial court's oversight or omission pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure. Moore, 814 S.W.2d at 383 (citations omitted).

Under Rule 36, the court "may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. Despite the discussion of lifetime supervision during the guilty plea hearing, the incest judgment ultimately entered reflects a proper sentence for the petitioner's incest conviction. We do not believe that the convicting court's proper imposition of a sentence that does not require lifetime community supervision amounts to a clerical error that resulted from its oversight or omission.

Moreover, the record neither demonstrates nor has the petitioner alleged that lifetime community supervision was a material element of the petitioner's plea agreement. In deciding whether an illegal sentence renders a guilty plea and resulting conviction invalid, "the determinative issue is whether the plea agreement included an illegal sentence as a material element." Summers, 212 S.W.3d at 259. If the illegal provision of the sentence was not a material element of the plea, then "the illegality infects only the sentence, only the sentence is rendered void and habeas corpus relief may be granted to the extent of the sentence only. In such cases, the underlying conviction remains intact," and the appropriate remedy is a remand for correction of the sentence. Smith v. Lewis, 202 S.W.3d 124, 130 (Tenn. 2006).

The judgment in the present case is facially valid, and the record reflects that the petitioner neither bargained for nor received an illegal sentence. Accordingly, he is not entitled to habeas corpus relief.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the habeas corpus court's denial of the petitioner's petition for habeas corpus relief.

_____
NORMA McGEE OGLE, JUDGE